## BABI INTERNATIONAL, INC., Plaintiff–Appellant,

v.

## SNAPPLE BEVERAGE CORP., Defendant–Appellee.

### No. 05–3939.

United States Court of Appeals, Second Circuit.

March 3, 2006.

Joseph J. Haspel, Goshen, N.Y., for Appellant.

Bart G. Van de Weghe, Hogan & Hartson, L.L.P., White Plains, N.Y., for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiff BABI International, Inc., argues that defendant Snapple Beverage Corp. breached the terms of their implied-in-fact agreement when it terminated BABI's role as Snapple's importer, marketer, and distributor in Taiwan.

Although BABI first argued that Snapple violated the terms of the "IMS Agreement," BABI has waived that argument by explicitly abandoning it before the district court.

BABI's second argument—that Snapple violated their alleged implied-in-fact contract according to the terms of the unexecuted Co–Packing and Distribution Agreement—is without merit. The district court permissibly found, after a bench trial consolidating the merits with a hearing on BABI's motion for a preliminary injunction, that there was no meeting of the minds as to the length of the relationship, and it properly concluded that there was no implied-in-fact contract for a particular duration. Snapple offered a contract with a two-year term, and BABI counteroffered for a five-year term. Contrary to BABI's

argument, this exchange does not produce an enforceable contract for a two-year term. *See* 22 N.Y. Jur.2d Contracts § 43, at 77 ("A request for a change or modification of a proposed contract, made before an acceptance thereof, amounts to a rejection of it."). Without any agreement restricting the parties' right to unilaterally terminate their business arrangement, Snapple provided BABI with a reasonable three-month termination notice.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.